IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TESHA RILEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 2:07cv659-wha |
| vs. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| MADIX, INC., | ) |
| | |
| Defendant. | |

# COMPLAINT

## I. JURISDICTION

1. This is a suit for relief from gender discrimination and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Tesha Riley ("Plaintiff") timely filed a discrimination charge against defendant Madix, Inc. ("Defendant") with the Equal Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff further filed her suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a female citizen of the United States over the age of nineteen.

4. Defendant is an employer as that term is contemplated under Title VII and was the owner and operator of a facility in Eclectic, Elmore County, Alabama during all times relevant to this action.

## III. BACKGROUND

5. Paragraphs 1-4 above are incorporated by reference.

6. Plaintiff was hired to work at Madix's plant in Eclectic through an employment service, Instaff Personnel, in August of 2006.

7. Plaintiff's was a shipping clerk and her supervisor was Mike Maxwell, a male.

8. Maxwell made comments to Plaintiff such as "I like you, I really like you," which Plaintiff thought at first meant she was doing a good job.

9. On or about September 6, Maxwell told Plaintiff that she was doing a good job but that they had a problem and he would talk to Randy Kinman, his supervisor, about moving Plaintiff.

10. Plaintiff asked Maxwell what the problem was, and he said, "I want to sleep with you."

11. Plaintiff was dumbfounded and told Maxwell they did not have a problem, that he knew she is married and has four children.

12. Plaintiff then asked Maxwell about him moving instead of her.

13. Maxwell said the company would not move him.

14. On or about September 7, Maxwell acted all through the shift as if he were angry at Plaintiff.

15. Plaintiff has suffered from depression and anxiety but had not had an attack in a year or so. However, with what had happened at work, she had an attack of anxiety and had to leave.

16. On September 8, Plaintiff felt uncomfortable as soon as she got to work.

17. Plaintiff asked Kinman if Maxwell had talked to him about moving her.

18. Kinman said no and asked Plaintiff why.

19. Plaintiff told Kinman what Maxwell had said about wanting to have sex with her and the need for her to move.

20. Kinman told Plaintiff that there was nowhere to move her and that the only thing he could do was talk to Maxwell.

21. Plaintiff told Kinman that she wanted Maxwell moved.

22. Plaintiff was overcome with anxiety again that day due to the situation with Maxwell and had to leave work early.

23. On or about Monday, September 11, Plaintiff started crying at work.

24. Kinman told Plaintiff to take a couple of days off to clear her head.

25. Plaintiff was due to become hired directly by the company after 90 days and told Kinman she did not want to lose her job.

26. Kinman said he knew Plaintiff was going through some things, that she would not lose her job, and to come back when she was better.

27. Plaintiff went back to work Thursday, September 14.

28. Kinman told Plaintiff to go to Instaff.

29. Plaintiff did, where she was told that Madix had terminated her because she was not working out.

30. The assertion was false and pretextual.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

31. Paragraphs 1-20 above are incorporated by reference.

32. Defendant discriminated against Plaintiff on the basis of her gender by subjecting her to sexual harassment, which constituted a hostile work environment and/or culminated in a tangible employment action.

33. Defendant further retaliated against Plaintiff by terminating her because she had refused to engage in a sexual relationship with Maxwell and/or made internal complaints of sexual harassment against him.

34. Each act of discrimination was in violation of Title VII.

35. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-employing Plaintiff and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory and punitive damages;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

*[signature]*

Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

*[signature]*

Attorney for Plaintiff

<u>Defendant's Address</u>:
Madix, Inc.
c/o Walter S. Dowdle, Registered Agent
Highway 9
Goodwater, AL  35072