IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TESHA RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:07-CV-00659-WHA-SRW |
| | ) |
| MADIX, INC. | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant, Madix, Inc., and answers Plaintiff's Complaint with the following responses and defenses:

### I. JURISDICTION

1.   Defendant denies any liability to Plaintiff under any of the statutes cited. At this point, Defendant is not aware of any facts affecting whether this Court has jurisdiction as alleged.

2.   Defendant admits that Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission, but denies that Defendant committed any act of discriminatory treatment. Defendant admits that Plaintiff filed her suit within 90 days after receipt of her right to sue letter issued from the EEOC.

### II. PARTIES

3.   Admitted upon information and belief.

4.   Defendant admits that it is an employer within the meaning of Title VII.

### III. BACKGROUND

5.   Answers in Paragraphs 1-4 are incorporated by reference.

6. Defendant admits that Plaintiff was an employee of InStaff Personnel who was assigned to work at its facility in Eclectic, Alabama, from August 9, 2006 through September 11, 2006.

7. Defendant admits that Plaintiff was assigned to work as a Shipping Clerk. Defendant denies that Mike Maxwell was a supervisor and, in particular, denies that Maxwell was Plaintiff's supervisor. Plaintiff's supervisor was Randy Kinman.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Defendant does not have sufficient information to admit or deny that Plaintiff had suffered from depression and anxiety. Defendant admits that prior to September 7, 2006, Plaintiff had exhibited behavior consistent with the symptoms of anxiety. Defendant admits that Plaintiff left work early on September 7, 2006.

16. Denied. Plaintiff did not report to work on September 8, 2006.

17. Defendant admits that Plaintiff asked Randy Kinman if Mike Maxwell had talked to him about moving her.

18. Defendant admits that Kinman responded in the negative, but denies that he asked Plaintiff why she asked this question. By the time this conversation occurred, Kinman had been

informed indirectly that Plaintiff had informed a non-supervisory co-worker of her allegation about Maxwell, who had in turn told her supervisor, who in turn told Kinman. Without asking, Kinman knew the underlying reason for Plaintiff's question. Kinman confirmed that Maxwell had not spoken to him about the matter, and further explained to Plaintiff that employees of InStaff were assigned to specific positions and could not be moved.

19. Denied.

20. Denied. By the time this conversation occurred, Kinman had already confronted Maxwell with the allegation.

21. Denied.

22. Denied.

23. Defendant denies that Plaintiff started crying at work. Plaintiff appeared to be upset when she arrived at work. Witnesses described her behavior as pulling on her arm, crying, speaking incoherently, and appearing to be in a daze.

24. Denied. Kinman told Plaintiff that she could not continue to work in her present condition, that she needed to concentrate on getting well, and that she should report back to InStaff.

25. Defendant admits that Plaintiff stated that she "can't lose my job," to which Kinman responded as described in the answer to numbered paragraph 24.

26. Denied.

27. On September 11, 2006, Defendant notified InStaff that Plaintiff's assignment was being terminated because she was not able to perform her job due to her present health condition. Plaintiff had apparently failed to follow Kinman's directive to report to InStaff, and was not aware of this development when she came to the plant on September 14, 2006.

28. Defendant admits that Kinman once again instructed Plaintiff to go to InStaff.

29. Denied. InStaff informed Plaintiff that her assignment at Madix had ended.

30. Denied.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

31. Answers to Paragraphs 1-30 are incorporated by reference.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

Defendant's response to each and every unnumbered paragraph alleging injuries, claiming damages, or requesting relief: Defendant denies that Plaintiff is entitled to any judgment, damages, attorney fees, or any injunctive, legal or equitable relief.

### FIRST DEFENSE

Except as specifically admitted in this Answer, Defendant generally denies each and every material allegation contained in Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant denies that Plaintiff is entitled to any judgment against it or to any damages or any other relief.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff's claims of discrimination are barred to the extent they are based on actions or terms and conditions of employment occurring more than 180 days before the filing of her charge of discrimination.

## FIFTH DEFENSE

Plaintiff's claims of discrimination are barred to the extent that they are beyond the scope of her charge of discrimination.

## SIXTH DEFENSE

Plaintiff's claims of discrimination are barred to the extent that they were not timely asserted within 90 days of the EEOC's notice of suit rights.

## SEVENTH DEFENSE

Each and every alleged discriminatory action or term or condition of employment was based on legitimate, non-discriminatory and non-retaliatory factors, other than Plaintiff's sex or any other activity protected by Title VII.

## EIGHTH DEFENSE

Defendant denies that it may be held vicariously liable for punitive damages based on the alleged discriminatory or retaliatory conduct or employment decisions of its managerial or other employees when such conduct and decisions were contrary to Defendant's good faith efforts to comply with all laws prohibiting discrimination or retaliation based on sex.

## NINTH DEFENSE

Defendant denies the nature and extent of Plaintiff's injuries and/or damages.

## TENTH DEFENSE

Defendant denies that Plaintiff is entitled to any relief to the extent that she has failed to reasonably mitigate her losses, injuries or damages.

## ELEVENTH DEFENSE

Defendant denies any willful, wanton, malicious, intentional, reckless or other acts or omissions which might entitle Plaintiff to punitive damages.

## TWELFTH DEFENSE

Defendant is not vicariously liable for the conduct alleged by Plaintiff.

## THIRTEENTH DEFENSE

Defendant is not liable for conduct as alleged by Plaintiff, of which it had no knowledge, actual or constructive, and against which it maintains an express policy prohibiting discrimination and retaliation that is effective and is disseminated to all employees and temporary personnel.

## FOURTEENTH DEFENSE

Defendant denies that it has any liability to Plaintiff because she unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## FIFTEENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior.

## SIXTEENTH DEFENSE

Defendant is not vicariously liable for the alleged sexual harassment committed by Maxwell, who was not a supervisor.

Defendant reserves the right to amend this Answer and/or to assert additional defenses as appropriate.

Respectfully submitted,

/s/ Elmer E. White III
Elmer E. White III
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama 35209
(205) 871-5858 Phone
(205) 871-5874 Fax
E-Mail: eew@kullmanlaw.com
AL Bar # ASB-1638-E35E

ONE OF THE COUNSEL FOR DEFENDANT,
Madix, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam M. Porter, Esq.
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
adamporter@earthlink.net

Respectfully submitted,

/s/ Elmer E. White III
Elmer E. White III
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama 35209
(205) 871-5858 Phone
(205) 871-5874 Fax
E-Mail: eew@kullmanlaw.com
AL Bar # ASB-1638-E35E