IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TESHA RILEY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 2:07-CV-00659-WHA-SRW |
| vs. ) | |
| ) | |
| MADIX, INC., ) | |
| ) | |
| Defendant. | |

_____

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to FRCP Rule 26(f), a meeting was held on August 20, 2007 between Adam Porter, attorney for plaintiff, and Elmer White, attorney for defendant.

1. **Synopsis of Case.**

Plaintiff claims that defendant subjected her to sexual harassment, which constituted a hostile work environment and/or culminated in a tangible employment action, and terminated her because she had refused to engage in a sexual relationship with Mike Maxwell and/or made internal complaints of sexual harassment against him. Her claims are brought under Title VII.

Defendant denies that Plaintiff was harassed by Maxwell or any other employee of Defendant. Defendant denies that Plaintiff was discharged because she refused to engage in a sexual relationship with Maxwell and/or made internal complaints of sexual harassment against him. Defendant claims that Plaintiff was an employee of a temporary personnel service organization whose services were no longer needed because she could not reliably perform her assigned duties and because the employee of Defendant who previously occupied the position that Plaintiff filled on

a temporary basis wished to return to that position. Defendant denies any liability under Title VII or any other law.

2. **Pre-discovery Disclosures.**

The parties will exchange the information required by Local Rule 26.1(a)(1) within two weeks from the filing of this report.

3. **Discovery Plan.**

The parties jointly propose to the court the following discovery plan:

Without waiver of objections, discovery will be needed on the following subjects: plaintiff's claims and all other allegations in plaintiff's complaint and matters incidental thereto; defendant's defenses and matters incidental thereto; plaintiff's damages, defenses thereto, and mitigation thereof.

All discovery must be commenced in time to be completed by August 15, 2008.

Maximum of 40 interrogatories, including sub-parts, by each party to any other party.

Maximum of 20 requests for admissions, including sub-parts, by each party to any other party.

Maximum of 40 requests for production of documents, including sub-parts, by each party to any other party.

Maximum of 7 depositions by each party. No deposition shall exceed seven hours, inclusive of breaks except lunch, unless agreed to by the parties or ordered by the Court.

Reports from retained experts, if any, under Rule 26(a)(2) are due:

From plaintiff- by January 11, 2008

From defendant- by February 11, 2008

Supplementation under Rule 26(e) due as soon as is practicable but no later than 30 days prior to the discovery cut-off or five days after new discovery, whichever is later.

4. **Other Items.**

A scheduling conference is not requested prior to entry of a scheduling order.

Plaintiff has until December 21, 2007 to join additional parties and to amend the pleadings.

Defendant has until January 21, 2008 to join additional parties and to amend the pleadings.

All potentially dispositive motions must be filed and served by June 10, 2008.

Settlement cannot be evaluated until completion of initial discovery.

Pursuant to FRCP Rule 5(b)(2)(D), the parties consent to service of pleadings and other papers covered by Rule 5 electronically.

If production of discoverable electronic or computer-based media is required or requested, it will be produced unless the producing party demonstrates that doing so would cause undue burden or cost. The format of production, either in digital media or printed copies, will be made in the manner requested by the receiving party unless the producing party demonstrates that doing so would cause undue burden or cost.

The parties will determine whether mediation should be entered upon completion of initial discovery.

Final lists of trial evidence under Rule 26(a)(3) are due 30 days before trial.

Parties have 10 days after service of final lists of trial evidence to state objections under Rule 26(a)(3).

The case will be ready for trial on the Court's October 20, 2008 docket and is expected to take approximately three-four days.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915


s/ Elmer E. White III
Elmer E. White III
Attorney for Defendant

OF COUNSEL:
THE KULLMAN FIRM
600 University Park Place, Suite 340
Birmingham, Alabama  35209-6786
(205) 871-5858  Phone
(205) 871-5874  Fax